IN RE the COMMITMENT OF Glen D. NORDBERG:

STATE of Wisconsin, Petitioner-Respondent,

v.

Glen D. NORDBERG, Respondent-Appellant.

Supreme Court

*No. 2010AP1142. Oral argument May 3, 2011.*
*—Decided July 26, 2011.*

2011 WI 84

(Also reported in 800 N.W.2d 926.)

For the respondent-appellant there was a brief and oral argument by *Donald T. Lang,* assistant state public defender.

For the petitioner-respondent the cause was argued by *Warren D. Weinstein,* assistant attorney general, with whom on the briefs was *J.B. Van Hollen,* attorney general.

¶ 1. DAVID T. PROSSER, J. This is a review of an order of the circuit court denying Glen D. Nordberg's (Nordberg) petition for supervised release. The issues in this case are identical to the issues we decide today in *State v. West,* 2011 WI 83, 800 N.W.2d 929, __ N.W.2d __. The issues presented are whether Wis. Stat. § 980.08(4)(cg)[1] places the burden of proof in a petition for supervised release with an individual committed as a sexually violent person under Wis. Stat. ch. 980, and if so, whether that allocation of the burden is constitutionally permissible. Nordberg's case is before this court on bypass of the court of appeals pursuant to Wis. Stat. § (Rule) 809.60.

¶ 2. The facts relevant to Nordberg's petition are as follows.

¶ 3. Nordberg was committed as a sexually violent person in January 2001. In the initial evaluation report compiled prior to his commitment hearing,

---

[1] All subsequent references to the Wisconsin Statutes are to the 2007–08 version unless otherwise indicated.

Nordberg was diagnosed with "paraphilia not otherwise specified," cannabis abuse, and antisocial personality disorder. In that report, Nordberg's history of sexual offenses included:

(a) In 1990, at age 15, while sleeping in the basement with the 10–year-old victim and her brothers, Nordberg unzipped the victim's sleeping bag, took off her clothes, and had sex with her, covering her mouth and telling her to "shut up." Nordberg was adjudicated delinquent for sexual assault;

(b) In April 1991, at age 16, Nordberg was again adjudicated delinquent for false imprisonment and physical abuse of a child when he entered the 11–year-old victim's house without consent, carried the kicking victim upstairs, held her down, and placed his hands down her pants;

(c) In the summer of 1991, Nordberg was accused of having sexual contact with a 13–year-old girl by putting his hands down her pants despite her insistence that he stop;

(d) In April 1992, at age 17, Nordberg was convicted of second-degree sexual assault and received four years probation for having sex with a 15–year-old girl without consent and by force;

(e) Also in April 1992, Nordberg was accused of having nonconsensual sex with a 20–year-old woman whom police described as "mentally and intellectually immature for her age";

(f) In March 1994, at age 19, Nordberg was convicted of sex with a child 16 or older, with testimony that the victim also made repeated requests for Nordberg to stop. For this offense, he was sentenced to nine months in jail.

¶ 4. Nordberg's non-sexual criminal history included, from August 1986 through September 1991:

disorderly conduct, vandalism, criminal damage to property, and "harassment, disorderly conduct, threats" violations. One of the harassment violations involved contact with a victim of sexual assault. Nordberg was also convicted of manufacture and delivery of a controlled substance. Overall, the report indicated that probable cause existed for Nordberg's civil commitment.

¶ 5. On January 24, 2001, a jury found Nordberg to be a sexually violent person pursuant to Wis. Stat. ch. 980, and he was committed to Sand Ridge Secure Treatment Center. Since that time, Nordberg has submitted several petitions for supervised release or discharge, including the July 2009 supervised release petition from which this appeal stemmed.

¶ 6. At Nordberg's July 2009 supervised release hearing, Dr. Luis Rosell testified that he believed Nordberg satisfied the criteria for release under ch. 980. He indicated that Nordberg had shown "very positive" treatment progress and that Nordberg was one of the patients who had progressed the most among all the individuals he had ever seen. However, Dr. Rosell also diagnosed Nordberg with pedophilia and antisocial personality disorder, disorders that he opined were not as problematic as when Nordberg was first committed, but nonetheless still existed.

¶ 7. Dr. Rosell indicated that based on risk factors for recidivism, Nordberg had a 30 to 48 percent risk of committing a sexually violent crime in the next ten years. Still, Dr. Rosell believed Nordberg was "ready for the next step" as he had done everything asked of him in treatment. Further evidence indicated Nordberg had been working on a relapse prevention plan for four years, that Nordberg recognized his own drug and alcohol abuse, and that he was open to further treat-

ment. Lloyd Sinclair, an associate treatment director at Sand Ridge, also testified that Nordberg was meaningfully engaged in treatment. However, Sinclair expressed uncertainty regarding Nordberg's continued sexual deviancy, and pointed to Nordberg's prior failures on supervision as cause for concern that he would be more likely to reoffend.

¶ 8. Taking this evidence into consideration, the circuit court denied Nordberg's petition for supervised release. The court read Wis. Stat. § 980.08(4)(cg) as placing the burden on the committed individual to prove by clear and convincing evidence that supervised release is warranted, and found that Nordberg had not met that burden.

¶ 9. In February 2010 Nordberg filed a motion for reconsideration of his supervised release hearing or a new trial, arguing that Wis. Stat. § 908.08(4)(cg) does not allocate the burden of proof to any party, but rather requires the court to make a determination based on all the evidence. In the alternative, Nordberg argued that if the burden were on the individual, a standard of "clear and convincing" evidence would be too onerous, and the standard of "preponderance of the evidence" should apply instead. The circuit court denied the motion, and the instant appeal resulted.

¶ 10. For the reasons set forth in *West,* we affirm the circuit court's decision. We hold that Wis. Stat. § 980.08(4)(cg) unambiguously places the burden of proof on the committed individual, and that policy considerations dictate that the individual bear his burden of persuasion by clear and convincing evidence. We further hold that requiring an individual lawfully committed under ch. 980 as a sexually violent person to carry the burden of proof in a petition for supervised

638

release does not violate the due process or equal protection clauses of the Wisconsin and United States Constitutions. Accordingly, we affirm the decision of the circuit court.

*By the Court.*—The order of the circuit court is affirmed.

¶ 11. ANN WALSH BRADLEY, J. (*dissenting*). For the reasons set forth in my dissent in *State v. West,* 2011 WI 83, 800 N.W.2d 929, __ N.W.2d __, I likewise dissent in this case.

¶ 12. I am authorized to state that Chief Justice SHIRLEY S. ABRAHAMSON joins this dissent.